

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

MAY 23 2023

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF CALIFORNIA

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

)
)
Martin Zamudio Alcantara )
*Petitioner* )
)
v. ) Case No. 1:23cv000788 SKO (HC)
) _____
) *(Supplied by Clerk of Court)*
)
Warden, F.C.I. Mendota )
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:   Martin Zamudio Alcantara

    (b) Other names you have used: _____

2.  Place of confinement:

    (a) Name of institution:   F.C.I. Mendota

    (b) Address:   P.O. Box 9, Mendota CA 93640

    (c) Your identification number:   79541-112

3.  Are you currently being held on orders by:

    ☒ Federal authorities     ☐ State authorities     ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you:   United States District Court
    for Central District

    (b) Docket number of criminal case:   CR-20-143-SVW

    (c) Date of sentencing:   April 8, 2022

    ☐ Being held on an immigration charge

    ☐ Other *(explain)*: _____

    RECEIVED

    MAY 23 2023

    CLERK, U.S. DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA
    BY_____ DEPUTY CLERK

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

- ☐ Pretrial detention
- ☐ Immigration detention
- ☐ Detainer
- ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
- ☐ Disciplinary proceedings
- ☐ Other *(explain)*: _____

_____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:   Federal Bureau of Prisons

_____

(b) Docket number, case number, or opinion number:   [POLICY] BOP P.S. 5410.01

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
BOP policy [P.S. 5410.01] excludes eligible inmates including
Petitioner from applying First Step Act. earned time credits ("ETCs") on
the basis of having a I-247A Immigration Detainer.

(d) Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7. First appeal

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not appeal:   Any appeal to BOP Policy would
be futile (See attached memorandum of law).

8. Second appeal

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

        (2)  Date of filing: _____

        (3)  Docket number, case number, or opinion number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

_____

_____

_____

_____

_____

    (b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes            ☐ No

    (a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

        (2)  Date of filing: _____

        (3)  Docket number, case number, or opinion number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

_____

_____

_____

_____

_____

    (b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes            ☒ No

If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(b)     Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.     **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☒ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

(d)   Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** BOP Policy (P.S. 5410.01) unlawfully excludes Petitioner from applying the First Step Act. earned time credits he has earned in contravention of Section 101 of the First Step Act. of 2018 and 18 U.S.C. Section 3632(g).

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Petitioner has earned time credits ("ETC") which, under the First Step Act, entitle him to immediate transfer into supervised release or prerelease custody, however, the BOP refuses to enable him to apply his ETC's because he has an I-247A Immigration Detainer. (See Petitioner's memorandum of law).

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes        ☒ No

**GROUND TWO:** _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes        ☐ No

**GROUND THREE:** _____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes        ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not:   Any  appeal  to  BOP  policy  would  be  futile.  (See  Petitioner's
       attached memorandum of law).

_____

_____

### Request for Relief

15.  State exactly what you want the court to do:   Issue  an   injunction   against   the   BOP
enjoining the BOP to immediately calculate and apply all of the ETC's that
Petitioner is entitled to.

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

5/22/23

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 5/22/23

Martin Alcantara 2
*( Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

Martin Zamudio Alcantra #79541-112
F.C.I. Mendota
P.O. Box 9
Mendota CA 93640

## UNITED STATES DISTRICT COURT FOR

## EASTERN DISTRICT OF CALIFORNIA

Martin Zamudio Alcantra,
Petitioner

v.

Warden, F.C.I. Mendota
Respondent

PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR
28 U.S.C. § 2241

## THE WRONGFUL AND UNLAWFUL DISCRIMINATION

## OF ELIGIBLE NON-U.S. CITIZENS IN THE IMPLEMENTATION OF

## THE EARNED TIME CREDITS PROGRAM ESTABLISHED BY

## THE FIRST STEP ACT

The First Step Act was enacted in 2018 it establishes a new type of sentencing credit as an incentive to encourage prisoners to participate in programs to reduce the risk that they will recidivate, with one goal being the cost savings associated with reduced recidivism and the transfer of eligible prisoners from BOP facilities into prerelease custody or supervised release.

The Code of Federal Regulations Title 28 Section 523.44 was enacted on January 19, 2022 to give guidance on the Application of FSA Time Credits. In Section 523.44(a)(2) it reads as follows:

(2) Subject to a final order of removal under immigration law as

1

defined in 8 U.S.C. 1101(a)(17)(See 18 U.S.C. 3632(d)(4)(E), the bureau may not apply FSA Time Credits towards prerelease custody or early transfer to supervised release.

It is clear from the text of the statute it point you to Title 18 Section 3632(d)(4)(E) for more guidances about the FSA Credits. When we look at 3632(d)(4)(E) it is broken in to two parts. Section (i) and Section (ii) each one address a type of proceedings that are different from each other. 3632(d)(4)(E) reads as follows:

(i)In general. A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in Section 101(a)(17) of the Immigration and Nationally Act (8 U.S.C. 1101(a)(17)).
(ii) Proceedings. The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in Section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in Section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

Now that we know what the Statute subsection we need to take a closer look. In subsection (i) it says "final order of removal", this let us know that proceedings for a "final order of removal" is governed by 8 U.S.C. 1229a lets us know an

immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien." In subection (ii) it say "who seeks to earn time credits are subject to proceedings described in Section 238(a) of that Act (8 U.S.C. 1228(a))." Section 1228 is the proceedings of "Final administrative Removal Order" in Section 1228 it says "Expedited removal of aliens convicted of committing aggravated felonies." The proceedings are much different then a order of "Final Order of Removal" from a Immigration Judge. In Section 1228 proceedings for "Final Administrative Removal Order." The expedited removal order must not be adjudicated by the same person who issued the charges. The removal decision is delegated to a "deciding service officer" who determines deportability either based on evidence or by concession of the alien. The two proceedings are much different than each other.

Congress concluded that the benefits of reducing recidivism and slowing the rate of growth of the prison population are worthy goals that warrant allowing eligible low risk prisoners to be release up to a year early. Keeping prisoners to be release up to a year early. Keeping prisoners like Petitioner incarcerated for that extra year as a matter of policy undermines those goals and fails to give effect to the clear intent of Congress.

Congress could have drafted statutory terms encompassing all prisoners who are potentially removable if it had wanted to preclude (or to authorize the BOP to exclude) noncitizens with detainers from applying their earned time credits. The pertinent statute's heading ("deportable prisoners") and subparagraph

(E)(ii)("any alien") contain broader, more inclusive language Congress could have used in subparagraph (E)(i) if it had wanted to exclude prisoners with immigration detainers from applying their earned time credits. And an amendment to the "final order of removal" provision. Specifically excluding prisoners with "immigration detainers" from applying their earned time credits, was offered on the floor of the Senate but did not pass. See 164 Cong. Rec. S7658-02 (daily ed Dec. 17, 2018)(Sen. Sasse's amendment). This Court and the BOP, must give effect to the plain language of the statute that was enacted. Potentially removable noncitizens who are NOT the subject of "final order of removal" are not within the scope of subparagraph (E)(i). See Sierra, 2022 WL 18046701, at *5, 2022 U.S. Dist. Lexis 234525, at *14.

Congress had a intent when forming Section 3632(d)(4)(E) in that intent you can see they separated the two proceedings of "Final Order of Removal" and "Final Administrative Removal Order." In Section (ii) they say A Inmate in the proceedings of or has a "Final Administrative Removal Order" who seeks to earn time can. There is nothing in Section 523.44 that says a Inmate in the proceedings or has a "Final Administrative Removal Order" can not apply them. A BOP Inmate knows what proceedings they are in when a DHS/ICE officer does a credible fear screening that is known as reasonable possibility test, where a officer asks if there is a fear of prosecution or torture and if the officer finds this credible refers that person to an asylum officer. This lets the person know they are in the "Final Administrative Removal Order" proceeding.

4

A Section 1228 hearing would be unnecessary where a "final order of removal" was already in place. The purpose of the Section 1228 hearing thus highlights the difference between aliens with "final order of removal" and aliens such as Petitioner who may be deportable because they have an aggravated felony conviction but do not have yet a "final order of removal." The Court should find no basis to conclude the provision contained in Section 3632(d)(4)(E)(ii) that calls for an expedited Section 1228 hearing somehow makes all potentially deportable aliens ineligible for FSA time credits. When the Inmates knows this then the FSA Earned Time Credits apply to that Inmate. Because there is no way that a Inmate has a "final order of removal" if a Officer is conducting a credible fear test on that Inmate. Congress shows their intent and lets us know Inmates with or in the proceedings of "Final Administrative Removal order" can earn and can apply FSA earn time credits to their sentence they are serving.

FCI Mendota does not do hearings they simply put a Inmate on the phone with a DHS/ICE Officer that screens the person and provides the Inmate with no paper work or documents.


## HABEAS RELIEF

A federal prisoner claiming he is "in custody in violation of the Constitution or laws or treaties of the United Sates" may petition for hebeas relief. 28 U.S.C. § 2241(c)(3). That provision allows a federal inmate "to challenge the executing of (rather than the imposition of) his or her sentence." Francis v.

MAloney, 798 F.3d 33, 36 (1st Cir. 2015). The remedy under § 2241 has been traditionally available to prisoners challenging the computation of their sentence by the BOP. See Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009). The Petitioner bears the burden of proving that this continuing detention violates his federal rights. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

## SUMMARY JUDGEMENT

Summary judgement is appropriate in hebeas proceedings when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgement as a matter of law." Bader v. Warden, No. 02-CV-508-JD, 2003 DHN 90, 2003 U.S. Dist. Lexis 8955, at *8-9, 2003 WL 21228520, at *3 (D.N.H. May 28, 2003)(citations omitted), aff'd 488 F.3d 483 (1st Cir. 2007). The Court should construed Petitioner's pleading liberally, because of his Pro Se status. See Dutil v. Murphy, 530 F. 3d 154, 158 (1st Cir. 2008).

## EXHAUSTION OF ADMINISTRATIVE
## REMEDIES IS FUTILE

The question here, instead, is a purely legal one, viz., may the BOP interpret the FSA to allow it to impose a precondition to ETC application that is not set forth anywhere in the FSA. Put otherwise, this case involves only a statutory interpretation issue divorced from any particular facts relating to Petitioner, not the resolution of any unique to him. There is no need to

develop the record through administrative proceedings, because this statutory interpretation can be resolved without doing so.

The BOP's position on this is clear, further administrative review proceedings would not clarify the BOP's position, which is that it has discretion to interpret and implement the FSA in a manner that requires a federal prisoner that is deportable but does not have a "final order of removal" to apply earned time credits. In McMarthy v. Madigan, 503, U.S. 140, 145-46, 112 S.Ct. 1081, 117 L. Ed. 2d 291 (1992), the Supreme Court succinctly articulated the purpose behind requiring administrative exhaustion, including affording an administrative agency the chance to correct its own error or affording deference to an agency's exercise of it's own discretionary power or producing a useful record for judicial consideration. These concerns, however, are not implicated in this case, and in any event, as the Supreme Court also made clear, courts may decline to require exhaustion "even where administrative and judicial interests would counsel otherwise." Id at 146. Courts must apply an "intensely practical" "balancing principle" and decide if the litigant's interest in immediate judicial review might "outweigh the government's interest in efficiency or autonomy that the exhaustion doctrine is designed to further." Id. (citations omitted). when the agency involved has predetermined the issue before it, this is a recognized circumstance in which "the interest of the individual weigh heavily against requiting administrative exhaustion." Id. at 146, (citing Houghton v. Shafer, 392 U.S. 639, 640, 88 S. Ct. 2119, 20 L. Ed. 2d 1319

(1968), for the proposition that: "in view of the Attorney General's submission that the challenged rules of the prison were 'validly and correctly culminating with the Attorney General' would be to demand a futile act"). See also Fraley v. U.S. Bureau of Prisons, 1 F. 3d 924, 925 (9th Cir. 1993)(per curiam)(waving exhaustion as futile when the initial request for an administrative remedy was denied based on BOP policy and, therefore the Regional Director "almost certainly would have denied" a further appeal was well due to that policy).

## COURTS HAVE DETERMINED THAT BOP
## LACKS THE POWER OF EXCLUDING PRISONERS WITH
## 1228 or "FINAL ADMINISTRATIVE REMOVAL ORDER" FROM
## APPLYING EARNED TIME CREDITS

At least two courts that have been presented with the same issue, have ruled that Inmates in the proceedings of Section 1228 or with "Final Administrative Removal Order" can apply the time credits. See Komando v. Luna, January 13, 2023, The District of New Hampshire, Civil No. 22-cv-425-se, and Sierra v. Jacquez, December 27, 2033, The Western District of Washington, Case No. 2:22-cv-01509-RSL-BAT.

## ADMINISTRATIVE PROCEDURES ACT
## 5 U.S.C. SECTION 702

The Administrative Procedures Act ("APA") provides generally that "[a] person suffering legal wrong because of agency action, or adveresly affected or aggrieved by agency action within the

meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. Section 702. "Agency action" which may be reviewed by courts include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. Section 551(13). A "final action" of any federal agency is subject to judicial review unless a federal statute specifies otherwise, or the action is "committed to agency discretion by law." 5 U.S.C. Section 701-702, 704: See Japan Whaling Ass'n v. American Cetacean Soc'y, 478 U.S. 221, 230 n.4, 106 S. Ct. 2860 (1986)(noting that judicial review "is available absent some clear and convincing evidence of legislative intention to preclude review").

Petitioner request that the Court review the BOP's action in determining to exclude him from ever applying the ETCs he has earned under the FSA under Administrative Procedures Act as well as under 28 U.S.C. 2241. Under the APA, BOP is an "agency" subject to the APA. White v. Henman, 977 F.2d 292, 293 (7th Cir. 1992); Triplett v. Federal Bureau of prisons, 2009 WL 792799, *6 (N.D. Tex., Mar. 24, 2009).

The APA has been used in challenges to BOP rules and policies concerning early release and good time credits. In Tablada v. Thomas, 533 F.3d 800 (9th Cir. 2008), the Ninth Circuit upheld BOPs method of calculating good time under the APA. In Arington v. Daniels, 516 F.3d 1106, 1116 (9th Cir. 2008), the Ninth Circuit utilized the APA in striking down BOP regulations excluding certain prisoners from early release based

9

on completion of drug treatment). See also Richmond v. Scibana, 387 F.3d 602 (7th Cir. 2004)(holding that APA was the proper vehicle for challenging restriction on placement in community correction canters).

## CONCLUSION

Petitioner is incarcerated in F.C.I. Mendota, F.C.I. Mendota has a position of a I-247A detainer is a final order of removal and makes it so I can not earn First Step Act earned time credits. The I-247A (Attached) states "DHS has determined that probable cause exists that the subject is a removable alien" not that I have a final order of removal but that there is probable cause.

8 C.F.R. 287.7 covers the this detainer states:

287.7 Detainer provisions under section 287(b)(3) of the Act.

(a) Detainer in general. Detainer are issued pursuant to section 236 and 287 of the Act and this chapter 1. Any authorized immigration officer may at any time issue a FORM I-247, Immigration Detainer-Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department of arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

10

Congress was clear what they want, they do not say if subject is a removable alien or if there is probable cause. They could have amended the "final order of removal" and put in "immigration detainers" if that is what they wanted, this wording was offered on to the floor at the Senate but did not pass. See 164 Cong. Rec. S7658-02 (daily ed. Dec. 17 2018) (Sen. Sasse's amendment).

Congress and the Judges for Komando v. Luna and Sierra v. Jacquez in supra, have followed the law and has granted the 2241 motions brought by those inmates.

## REQUEST RELIEF

Petitioner prays on this Honorable Court to grant relief in issuing an injunction against the BOP enjoining the BOP to immediately calculate and apply all of the ETC's that Petitioner is entitled to and grant Summary Judgement in favor of Petitioner.

Date: 8/22/23

Martin Alcantara Z.

Martin Zamudio Alcantara

DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION DETAINER - NOTICE OF ACTION

| | |
|---|---|
| Subject ID: 379487233 | File No: 201 176 935 |
| Event #: SFR2206001505 | Date: June 30, 2022 |

| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) F.C.I. MENDOTA<br>33500 W CALIFORNIA AVE<br>MENDOTA, CA 936400000 | FROM: (Department of Homeland Security Office Address)<br>ERO - Fresno, CA Sub Office<br>ICE<br>ERO FRESNO SUB OFFICE<br>2440 TULARE STREET SUITE 220<br>FRESNO, CA 937212904 |

Name of Alien: ALCANTARA, MARTIN ZAMUDIO

Date of Birth: 03/27/1973     Citizenship: MEXICO     Sex: M

**1. DHS HAS DETERMINED THAT PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON (complete box 1 or 2).**     BOP #: 79561-112

☒ A final order of removal against the alien;

☐ The pendency of ongoing removal proceedings against the alien;

☒ Biometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ Statements made by the alien to an immigration officer and/or other reliable evidence that affirmatively indicate the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**2. DHS TRANSFERRED THE ALIEN TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION (complete box 1 or 2).**

☐ Upon completion of the proceeding or investigation for which the alien was transferred to your custody, DHS intends to resume custody of the alien to complete processing and/or make an admissibility determination.

**IT IS THEREFORE REQUESTED THAT YOU:**

• Notify DHS as early as practicable (at least 48 hours, if possible) before the alien is released from your custody. Please notify DHS by calling ☒ U.S. Immigration and Customs Enforcement (ICE) or ☐ U.S. Customs and Border Protection (CBP) at ~~████████~~. If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.

• Maintain custody of the alien for a period NOT TO EXCEED 48 HOURS beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. The alien must be served with a copy of this form for the detainer to take effect. This detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters

• Relay this detainer to any other law enforcement agency to which you transfer custody of the alien.

• Notify this office in the event of the alien's death, hospitalization or transfer to another institution.

☐ If checked: please cancel the detainer related to this alien previously submitted to you on _____ (date).

| M 3170 ACAYAN - DO | _M Acaya_ |
|---|---|
| (Name and title of Immigration Officer) | (Signature of Immigration Officer) (Sign in ink) |

Notice: If the alien may be the victim of a crime or you want the alien to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE ALIEN WHO IS THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS by mailing, emailing or faxing a copy to _____

Local Booking/Inmate #: _____     Estimated release date/time: _____

Date of latest criminal charge/conviction: _____     Last offense charged/conviction: _____

This form was served upon the alien on _____, in the following manner:

☐ in person     ☐ by inmate mail delivery     ☐ other (please specify): _____

| _____ | _____ |
|---|---|
| (Name and title of Officer) | (Signature of Officer) (Sign in ink) |

DHS Form I-247A (3/17)     Page 1 of 3



Individualized Needs Plan - Program Review   (Inmate Copy)         SEQUENCE: 02281637
Dept. of Justice / Federal Bureau of Prisons                        Team Date: 01-13-2023
Plan is for inmate: ALCANTARA, MARTIN ZAMUDIO  79541-112

| | | | |
|---|---|---|---|
| Facility: | MEN MENDOTA FCI | Proj. Rel. Date: | 06-16-2026 |
| Name: | ALCANTARA, MARTIN ZAMUDIO | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | 79541-112 | DNA Status: | MEN01258 / 08-17-2022 |
| Age: | 49 | | |
| Date of Birth: | 03-27-1973 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MEN | A4 ORD | A4 UNIT ORDERLY | 08-10-2022 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MEN | ESL EXEMPT | ESL NEED-PERMANENTLY EXEMPT | 07-03-2022 |
| MEN | GED XN | EXEMPT GED NON-PROMOTABLE | 07-03-2022 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| NO COURSES | | | | |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| ** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 07-05-2022 |
| CARE1-MH | CARE1-MENTAL HEALTH | 07-15-2022 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 06-27-2022 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 08-10-2022 |
| YES F/S | CLEARED FOR FOOD SERVICE | 12-07-2022 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| ED WAIT RS | DRUG EDUCATION WAIT-RQ SPANISH | 07-26-2022 |

### FRP Payment Plan

Most Recent Payment Plan

| | | | |
|---|---|---|---|
| FRP Assignment: | PART | FINANC RESP-PARTICIPATES | Start: 07-20-2022 |
| Inmate Decision: | AGREED | $25.00 | Frequency: QUARTERLY |
| Payments past 6 months: | $0.00 | | Obligation Balance: $200.00 |

#### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | $200.00 | IMMEDIATE | AGREED |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |

### FRP Deposits

Trust Fund Deposits - Past 6 months:   $1,794.10         Payments commensurate ?   Y

New Payment Plan:   ** No data **

### Current FSA Assignments

---



Individualized Needs Plan - Program Review    (Inmate Copy)    SEQUENCE: 02281637
Dept. of Justice / Federal Bureau of Prisons    Team Date: 01-13-2023
Plan is for inmate: ALCANTARA, MARTIN ZAMUDIO  79541-112

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 07-21-2022 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 01-12-2023 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 01-12-2023 |
| N-COGNTV N | NEED - COGNITIONS NO | 01-12-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 07-05-2022 |
| N-EDUC Y | NEED - EDUCATION YES | 01-12-2023 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 01-12-2023 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 01-12-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 01-12-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 01-12-2023 |
| N-RLF Y | NEED - REC/LEISURE/FITNESS YES | 01-12-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 01-12-2023 |
| N-TRAUMA N | NEED - TRAUMA NO | 01-12-2023 |
| N-WORK Y | NEED - WORK YES | 01-12-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 01-13-2023 |

### Progress since last review

NONE.

### Next Program Review Goals

By the next Program Review July 2023, you should have completed the following: -Enroll and participate in the Vocational Building Trades Program through the Education Department to address your First Step Act Work Needs. -Enroll and participate in the AARP Foundation Finances - 50+ Program through the Education Department to address your First Step Act Financial Poverty Needs. -Either forward a copy of your birth certificate to your Unit Team to be placed in your Central File or contact your country's consulate to assist with obtaining a copy of your birth certificate to assist with your release transition.

### Long Term Goals

By December 2023, you should have completed the following: -Complete Vocational Building Trades Program through the Education Department to address your First Step Act Work Needs. -Complete AARP Foundation Finances - 50+ Program through the Education Department to address your First Step Act Financial Poverty Needs. -Have your birth certificate retained in your central file.

### RRC/HC Placement

No.
Management decision - Will be assessed 17-19 months prior to release.

### Comments

Treaty Transfer: Not eligible.

BP-S394   DETAINER ACTION LETTER CDFRM
APR 10
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| To:   U.S. Immigration & Customs Enforcement<br>733 L Street<br>Fresno, CA  93721 | Institution<br><br>FCI Mendota<br>P.O. Box 39<br>Mendota, CA  93610 | | |
|---|---|---|---|
| | Date: May 8, 2023 | | |
| Case # | Inmate Name<br>ALCANTARA, MARTIN ZAMUDIO | Fed Reg No.<br>79541-112 | DOB/SEX/RACE<br>03-27-1973/M/H |
| Aliases: | | Other No.   INS  95309385<br>FBI  853824TB8 | |

The below checked paragraph relates to the above named inmate:

o   This office is in receipt of the following report: _____.  Will you
    please investigate this report and advise what disposition, if any, has been made of the
    case. If subject is wanted by your department and you wish a detainer placed, it will be
    necessary for you to forward a certified copy of your warrant to us along with a cover letter
    stating your desire to have it lodged as a detainer, or indicate you have no further interest
    in the subject.

•   A detainer has been filed against this subject in your favor charging **FINAL ORDER OF REMOVAL
    OF ALIEN**. Release is tentatively scheduled for ___06-16-2026___ however, we will notify you
    again approximately 60 days prior to actual release.  **To check on an inmate's location, you
    may call our National Locator Center at 202-307-3126 or check our BOP Inmate Locator Website
    at www.bop.gov.**

o   Enclosed is your detainer warrant.  Your detainer against the inmate has been removed in
    compliance with your request.

o   Your detainer warrant has been removed on the basis of letter/fax dated _____. Notify
    this office immediately if you do not concur with this action.

o   Your letter dated _____ requests notification prior to the release of the above named
    prisoner.

o   I am returning your _____ on the above named inmate who was committed to this institution
    on_____to serve _____ for the offense of _____.  If you wish your _____
    filed as a detainer, please return it to us with a cover letter stating your desire to have it
    placed as a hold or indicate you have no further interest in the subject.

o   The above named inmate has been transferred to _____.  Your detainer/notification request has
    been forwarded.

o   Other:  Projected release date is 06-16-2026

                                                Sincerely,


                                                R.RIVAS
                                                CORRECTIONAL SYSTEMS OFFICER


Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section
1); Copy - Correctional Services Department

(This form may be replicated via WP)                      (Replaces BP-394(58) dtd MAR 2003